UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARREN BOYD,

Plaintiff,

-against-

WARDEN CARTER, N.T.C./D.O.C./V.C.B.C.;
CAPTAIN GUERRA, N.T.C./D.O.C./V.C.B.C.;
CAPTAIN JOHN DOE, N.T.C./D.O.C./V.C.B.C.;
CAPTAIN HORTON, N.T.C./D.O.C./V.C.B.C.,

Defendants.

21-CV-8980 (LTS)

ORDER DIRECTING PAYMENT OF
FEES OR IFP APPLICATION AND
PRISONER AUTHORIZATION

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently detained in the Vernon C. Bain Center on Rikers Island, brings

this action *pro se*.[1] To proceed with a civil action in this Court, a prisoner must either pay $402.00

in fees – a $350.00 filing fee plus a $52.00 administrative fee – or, to request authorization to

proceed *in forma pauperis* (IFP), that is, without prepayment of fees, submit a signed IFP

application and a prisoner authorization. *See* 28 U.S.C. §§ 1914, 1915. If the Court grants a

prisoner's IFP application, the Prison Litigation Reform Act requires the Court to collect the

$350.00 filing fee in installments deducted from the prisoner's account.[2] *See* 28 U.S.C.

§ 1915(b)(1). A prisoner seeking to proceed in this Court without prepayment of fees must therefore

authorize the Court to withdraw these payments from his account by filing a "prisoner

authorization," which directs the facility where the prisoner is incarcerated to deduct the $350.00

[1] Plaintiff filed this complaint with 25 other detainees. *See Lee v. Carter*, No. 21-CV-8629
(PAE). By order dated November 1, 2021, the Court severed the claims and directed the Clerk of
Court to open separate cases for each plaintiff. (ECF No. 1.)

[2] The $52.00 administrative fee for filing a civil action does not apply to persons granted
IFP status under 28 U.S.C. § 1915.

filing fee from the prisoner's account in installments and to send to the Court certified copies of the prisoner's account statements for the past six months. *See* 28 U.S.C. § 1915(a)(2), (b).

Plaintiff submitted the complaint without the filing fees or a completed IFP application and prisoner authorization. Within thirty days of the date of this order, Plaintiff must either pay the $402.00 in fees or submit the attached IFP application and prisoner authorization. If Plaintiff submits the IFP application and prisoner authorization, they should be labeled with docket number 21-CV-8980 (LTS).[3]

No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:    November 3, 2021
          New York, New York

                              /s/ Laura Taylor Swain
                              LAURA TAYLOR SWAIN
                              Chief United States District Judge

---

[3] Plaintiff is cautioned that if a prisoner files a federal civil action or appeal that is dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, the dismissal is a "strike" under 28 U.S.C. § 1915(g). A prisoner who receives three "strikes" cannot file actions IFP as a prisoner, unless he is under imminent danger of serious physical injury, and he must pay the filing fees at the time of filing any new action.